IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

14 CV 541

| | |
|---|---|
| CANON INC.,<br><br>  Plaintiff,<br><br>v.<br><br>PROVANTAGE, LLC,<br><br>  Defendant. | Case No.: _____<br><br>JURY TRIAL DEMANDED |

S.D. OF N.Y.
2014 JAN 29 PH 3:12
FILED U.S. DISTRICT COURT

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Canon Inc. ("Plaintiff" or "Canon"), for its Complaint against Defendant Provantage, LLC ("Defendant" or "Provantage"), hereby alleges as follows:

### Related Actions

1.  This action is related to several other actions being filed concurrently in this Court. Specifically, Canon is filing complaints against other defendants, which complaints allege infringement of one or more of the same patents asserted herein.

### The Parties

2.  Canon is a corporation duly organized and existing under the laws of Japan. Its principal place of business is located at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan. Canon's wholly-owned domestic subsidiary, Canon U.S.A., Inc., maintains its principal place of business in Melville, New York.

3. On information and belief, Provantage is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 7249 Whipple Avenue NW, North Canton, Ohio 44720. On information and belief, Provantage sells toner cartridges accused of infringement in this action to New York residents, among others, including through its website, *www.provantage.com*.

## Jurisdiction and Venue

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant under at least N.Y. C.P.L.R. § 302(a)(1)-(2) in that the Defendant has, directly or through intermediaries, committed acts within New York giving rise to this action and/or has established minimum contacts with New York such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

6. Venue is proper under 28 U.S.C. §§ 1391(b) and (c).

## Canon's Patents-in-Suit

7. On March 13, 2012, United States Patent No. 8,135,304 ("the '304 patent"), titled "Process Cartridge Having Regulating Portions and an Inclineable Coupling Member," duly and legally issued to Canon as assignee of the inventors, Daisuke Abe and Masanari Morioka. A true copy of the '304 patent is attached hereto as Exhibit 1.

8. On October 2, 2012, United States Patent No. 8,280,278 ("the '278 patent"), titled "Process Cartridge, Electrophotographic Image Forming Apparatus, and Electrophotographic Photosensitive Drum Unit," duly and legally issued to Canon as assignee of the inventors,

**Defendant's Infringing Activities**

13.     On information and belief, Defendant is engaged in the business of selling and/or offering to sell within the United States and/or importing into the United States replacement toner cartridges for use in one or more of the Canon and Hewlett-Packard ("HP") monochrome laser beam printers listed in the table below, which toner cartridges and/or components contained therein (*e.g.*, drum units) are covered by one or more claims of each of the '304, '278, '744, '533, '640, and '564 patents.

| Canon/HP Monochrome Laser Beam Printers | Compatible Canon/HP Cartridges |
|---|---|
| Canon imageCLASS LBP6300dn, LBP6650dn, LBP6670dn, MF5850dn, MF5880dn, MF5950dw, MF5960dn, MF6160dw, and MF6180dw | Canon Cartridge 119/119 II |
| Canon imageCLASS D1120, D1150, D1170, D1180, D1320, D1350, and D1370 | Canon Cartridge 120 |
| Canon imageCLASS LBP6780dn | Canon Cartridge 324 II |
| Canon imageRUNNER LBP3560 and LBP3580 | Canon GPR-40 |
| Canon imageRUNNER LBP3470 and LBP3480<br>Canon LASER CLASS 650i | Canon GPR-41 |
| HP LaserJet Enterprise P3015d, P3015dn, P3015n, and P3015x<br>HP LaserJet Enterprise 500 MFP M525f and M525dn<br>HP LaserJet Enterprise flow MFP M525c<br>HP LaserJet Pro M521dn Multifunction Printer<br>HP LaserJet P3010 | HP CE255A/X |

Takahito Ueno, Shigeo Miyabe, Masanari Morioka, and Masato Hisano. A true copy of the '278 patent is attached hereto as Exhibit 2.

9. On February 5, 2013, United States Patent No. 8,369,744 ("the '744 patent"), titled "Process Cartridge Including a Photosensitive Drum for an Electrophotographic Image Forming Apparatus," duly and legally issued to Canon as assignee of the inventors, Naoya Asanuma, Masanari Morioka, Ryosuke Nakazawa, Teruhiko Sasaki, and Masato Hisano. A true copy of the '744 patent is attached hereto as Exhibit 3.

10. On September 10, 2013, United States Patent No. 8,532,533 ("the '533 patent"), titled "Rotational Force Transmitting Part," duly and legally issued to Canon as assignee of the inventors, Takahito Ueno, Shigeo Miyabe, Masanari Morioka, and Masato Hisano. A true copy of the '533 patent is attached hereto as Exhibit 4.

11. On October 22, 2013, United States Patent No. 8,565,640 ("the '640 patent"), titled "Dismounting and Mounting Methods for Coupling and Electrophotographic Photosensitive Drum Unit," duly and legally issued to Canon as assignee of the inventors, Yoshiyuki Batori and Nobuyoshi Hara. A true copy of the '640 patent is attached hereto as Exhibit 5.

12. On January 14, 2014, United States Patent No. 8,630,564 ("the '564 patent"), titled "Process Cartridge, Electrophotographic Image Forming Apparatus, and Electrophotographic Photosensitive Drum Unit," duly and legally issued to Canon as assignee of the inventors, Takahito Ueno, Shigeo Miyabe, Masanari Morioka, and Masato Hisano. A true copy of the '564 patent is attached hereto as Exhibit 6.

| Canon/HP Monochrome Laser Beam Printers | Compatible Canon/HP Cartridges |
|---|---|
| HP LaserJet P2035, P2055d, P2055dn, P2033, P2034, P2036, P2037, P2033n, P2034n, P2035n, P2036n, P2037n, P2053d, P2053dn, P2053x, P2054d, P2054dn, P2054x, P2055, P2055x, P2056d, P2056dn, P2056x, P2057d, P2057dn, P2057x | HP CE505A |
| HP LaserJet P2055d, P2055dn, P2053d, P2053dn, P2053x, P2054d, P2054dn, P2054x, P2055, P2055x, P2056d, P2056dn, P2056x, P2057d, P2057dn, P2057x | HP CE505X |

14. A non-limiting example of an infringing monochrome toner cartridge sold by Defendant is the AC-H0255AC, which, on information and belief, Defendant has sold within this judicial district.

15. On information and belief, Defendant purposefully directs sales and offers for sale of its toner cartridges, including those specifically identified above, toward the state of New York, including this district.

16. On information and belief, Defendant maintains established distribution channels within the United States that permit Defendant to ship toner cartridges, including those specifically identified above, to the state of New York, including this district.

### First Cause of Action: Infringement of U.S. Patent No. 8,135,304

17. Canon repeats and incorporates by reference each and every allegation of paragraphs 1 through 16 of this Complaint, as though set forth here in their entirety.

18. Canon is the sole owner of the entire right, title, and interest in and to the '304 patent, including the right to sue and recover for any and all infringements thereof.

19.   Defendant is directly infringing the '304 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges for use in the Canon and HP monochrome laser beam printers listed above, including but not limited to the aforementioned AC-H0255AC cartridge. Defendant also is indirectly infringing the '304 patent at least by virtue of its inducement of direct infringement of the '304 patent by customers who use Defendant's toner cartridges in the Canon and HP monochrome laser beam printers listed above. At the very latest, Defendant will be given notice of its infringement of the '304 patent upon receiving a copy of this Complaint. Further, on information and belief, Defendant knowingly induces customers to use its toner cartridges, including, for example, by promoting its cartridges for use in specific printers and/or providing customers with instructions for using its cartridges in those printers.

20.   By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

21.   Defendant's acts complained of herein are damaging and will continue to damage Canon irreparably. Canon has no adequate remedy at law for these wrongs and injuries. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '304 patent.

### Second Cause of Action: Infringement of U.S. Patent No. 8,280,278

22.   Canon repeats and incorporates by reference each and every allegation of paragraphs 1 through 21 of this Complaint, as though set forth here in their entirety.

23.   Canon is the sole owner of the entire right, title, and interest in and to the '278 patent, including the right to sue and recover for any and all infringements thereof.

24. Defendant is directly infringing the '278 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges for use in the Canon and HP monochrome laser beam printers listed above, including but not limited to the aforementioned AC-H0255AC cartridge. Defendant also is indirectly infringing the '278 patent at least by virtue of its inducement of direct infringement of the '278 patent by customers who use Defendant's toner cartridges in the Canon and HP monochrome laser beam printers listed above. At the very latest, Defendant will be given notice of its infringement of the '278 patent upon receiving a copy of this Complaint. Further, on information and belief, Defendant knowingly induces customers to use its toner cartridges, including, for example, by promoting its cartridges for use in specific printers and/or providing customers with instructions for using its cartridges in those printers.

25. By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

26. Defendant's acts complained of herein are damaging and will continue to damage Canon irreparably. Canon has no adequate remedy at law for these wrongs and injuries. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '278 patent.

### Third Cause of Action: Infringement of U.S. Patent No. 8,369,744

27. Canon repeats and incorporates by reference each and every allegation of paragraphs 1 through 26 of this Complaint, as though set forth here in their entirety.

28. Canon is the sole owner of the entire right, title, and interest in and to the '744 patent, including the right to sue and recover for any and all infringements thereof.

29. Defendant is directly infringing the '744 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges for use in the Canon and HP monochrome laser beam printers listed above, including but not limited to the aforementioned AC-H0255AC cartridge. Defendant also is indirectly infringing the '744 patent at least by virtue of its inducement of direct infringement of the '744 patent by customers who use Defendant's toner cartridges in the Canon and HP monochrome laser beam printers listed above. At the very latest, Defendant will be given notice of its infringement of the '744 patent upon receiving a copy of this Complaint. Further, on information and belief, Defendant knowingly induces customers to use its toner cartridges, including, for example, by promoting its cartridges for use in specific printers and/or providing customers with instructions for using its cartridges in those printers.

30. By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

31. Defendant's acts complained of herein are damaging and will continue to damage Canon irreparably. Canon has no adequate remedy at law for these wrongs and injuries. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '744 patent.

### Fourth Cause of Action: Infringement of U.S. Patent No. 8,532,533

32. Canon repeats and incorporates by reference each and every allegation of paragraphs 1 through 31 of this Complaint, as though set forth here in their entirety.

33. Canon is the sole owner of the entire right, title, and interest in and to the '533 patent, including the right to sue and recover for any and all infringements thereof.

34. Defendant is directly infringing the '533 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges and the drum units contained therein for use in the Canon and HP monochrome laser beam printers listed above, including but not limited to the aforementioned AC-H0255AC cartridge. Defendant also is indirectly infringing the '533 patent at least by virtue of its inducement of direct infringement of the '533 patent by customers who use Defendant's toner cartridges in the Canon and HP monochrome laser beam printers listed above. At the very latest, Defendant will be given notice of its infringement of the '533 patent upon receiving a copy of this Complaint. Further, on information and belief, Defendant knowingly induces customers to use its toner cartridges, including, for example, by promoting its cartridges for use in specific printers and/or providing customers with instructions for using its cartridges in those printers.

35. By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

36. Defendant's acts complained of herein are damaging and will continue to damage Canon irreparably. Canon has no adequate remedy at law for these wrongs and injuries. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '533 patent.

### Fifth Cause of Action: Infringement of U.S. Patent No. 8,565,640

37. Canon repeats and incorporates by reference each and every allegation of paragraphs 1 through 36 of this Complaint, as though set forth here in their entirety.

38. Canon is the sole owner of the entire right, title, and interest in and to the '640 patent, including the right to sue and recover for any and all infringements thereof.

39.   Defendant is directly infringing the '640 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges and the drum units contained therein for use in the Canon and HP monochrome laser beam printers listed above, including but not limited to the aforementioned AC-H0255AC cartridge. Defendant also is indirectly infringing the '640 patent at least by virtue of its inducement of direct infringement of the '640 patent by customers who use Defendant's toner cartridges in the Canon and HP monochrome laser beam printers listed above. At the very latest, Defendant will be given notice of its infringement of the '640 patent upon receiving a copy of this Complaint. Further, on information and belief, Defendant knowingly induces customers to use its toner cartridges, including, for example, by promoting its cartridges for use in specific printers and/or providing customers with instructions for using its cartridges in those printers.

40.   By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

41.   Defendant's acts complained of herein are damaging and will continue to damage Canon irreparably. Canon has no adequate remedy at law for these wrongs and injuries. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '640 patent.

### Sixth Cause of Action: Infringement of U.S. Patent No. 8,630,564

42.   Canon repeats and incorporates by reference each and every allegation of paragraphs 1 through 41 of this Complaint, as though set forth here in their entirety.

43.   Canon is the sole owner of the entire right, title, and interest in and to the '564 patent, including the right to sue and recover for any and all infringements thereof.

44.  Defendant is directly infringing the '564 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges and the drum units contained therein for use in the Canon and HP monochrome laser beam printers listed above, including but not limited to the aforementioned AC-H0255AC cartridge. Defendant also is indirectly infringing the '564 patent at least by virtue of its inducement of direct infringement of the '564 patent by customers who use Defendant's toner cartridges in the Canon and HP monochrome laser beam printers listed above. At the very latest, Defendant will be given notice of its infringement of the '564 patent upon receiving a copy of this Complaint. Further, on information and belief, Defendant knowingly induces customers to use its toner cartridges, including, for example, by promoting its cartridges for use in specific printers and/or providing customers with instructions for using its cartridges in those printers.

45.  By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

46.  Defendant's acts complained of herein are damaging and will continue to damage Canon irreparably. Canon has no adequate remedy at law for these wrongs and injuries. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '564 patent.

### Prayer for Relief

WHEREFORE, Canon respectfully requests the Court to enter judgment as follows:

A.  That Defendant has directly infringed, indirectly infringed, and induced others to infringe the '304, '278, '744, '533, '640, and '564 patents;

B.  That Defendant and its subsidiaries, affiliates, officers, agents, servants, employees, attorneys, successors, and assigns, and all other persons and organizations in active

concert or participation with them, be preliminarily and permanently enjoined from further acts of infringement of the '304, '278, '744, '533, '640, and '564 patents;

C. That Defendant be ordered to pay damages adequate to compensate Canon for Defendant's infringement of the '304, '278, '744, '533, '640, and '564 patents, including without limitation lost profits and/or a reasonable royalty, together with interest thereon; and

D. That Canon be granted such other and additional relief as the Court deems just and proper.

### Jury Demand

Canon hereby demands a jury trial as to all issues so triable.

Respectfully submitted,

Dated: January 29, 2014

Nicholas M. Cannella (NC9543)
Michael P. Sandonato (MS4278)
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200
E-mail: ncannella@fchs.com, msandonato@fchs.com

Of Counsel:

Edmund J. Haughey
Stephen E. Belisle
Seth E. Boeshore
FITZPATRICK, CELLA, HARPER & SCINTO
975 F Street, NW
Washington, DC 20004-1462
Tel: (202) 530-1010
Fax: (202) 530-1055
E-mail: ehaughey@fchs.com, sbelisle@fchs.com, sboeshore@fchs.com

Attorneys for Plaintiff Canon Inc.

FCHS_WS 9742094v1.doc